IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICKI L. THOMPSON,

      Plaintiff,                    No. CIV S-11-0429 EFB

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                ORDER

                    /

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Widow's Disability Insurance benefits and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. For the reasons discussed below, the court grants plaintiff's motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands the case for further proceedings.

I.  Factual and Procedural Background

Plaintiff Vicki Thompson filed an application for Widow's Disability Insurance benefits and SSI on July 7, 2008, alleging that she had been disabled since November 3, 2007.

////

1

Administrative Record ("AR") 79, 151. Plaintiff's application was initially denied on August 19, 2008, and upon reconsideration on January 23, 2009. *Id.* at 90, 95, 101, 106. On January 19, 2010, a hearing was held before administrative law judge ("ALJ") Timothy S. Snelling. *Id.* at 43. Plaintiff, who was represented by attorney Ann M. Cerney, testified at the hearing. *Id.* at 43-78.

On April 16, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 202(e), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id.* at 41. The ALJ made the following specific findings:

////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

1. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

2. The prescribed period ends on November 30, 2010.

3. The claimant has not engaged in substantial gainful activity since November 3, 2007, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

4. The claimant has the following medically severe combination of impairments: depression, bipolar disorder, asthma, hypothyroidism, neck and back pain secondary to musculoskeletal strain, and migraine headaches (20 CFR 404.1520(c) and 416.920(c).

...

5. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

...

6. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that claimant is limited to occasional bending and stooping and can have no more than frequent interaction and communication with supervisors, coworkers, and general public.

...

7. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

8. The claimant was born [in] 1954 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1565 and 416.963).

9. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

...

> 12. The claimant has not been under a disability, as defined in the Social Security Act, from November 3, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 36-41.

Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 28. The Appeals Council granted plaintiff's request and issued a decision on January 13, 2011. *Id*. at 4-6. The Appeals Council agreed with the ALJ that plaintiff had not engaged in substantial gainful activity since November 3, 2007, and that plaintiff had severe impairments that did not meet or equal the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. at 4-5. However, the Appeals Council disagreed with the ALJ's findings and conclusions at the fourth step of the sequential evaluation. Contrary to the ALJ's determination, the Appeals Council found that plaintiff had past relevant work as a tomato inspector and had the residual functional capacity ("RFC") to perform her past relevant work. *Id*. In reaching this conclusion, the Appeals Council did not adopt the ALJ's RFC assessment. Rather, the Appeals Council concluded that "[t]he claimant's combination of impairments results in the following limitations on her ability to perform work-related activities: light work as defined in 20 CFR 404. 1567(b) and 416.967(b) except she can have no more than frequent interaction and communication with supervisors, coworkers, and the general public." *Id*. Thus, the Appeals Council did not agree with the ALJ's finding that plaintiff had limitations in bending and stooping.

II. Standard of Review

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

////

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Analysis

Plaintiff contends that the Appeals Council erred in finding that she had the RFC to perform past relevant work. Pl.'s Mot. for Summ. J., Dckt. No. 17-1 ("Pl.'s Mot.") at 14. Plaintiff also argues that the ALJ committed error by: 1) failing to give proper weight to the opinion of the consultative physician, 2) failing to find plaintiff disabled in accordance with Rule 202.02, and 3) rejecting plaintiff's testimony. Pl.'s Mot. at 18, 20-21.

A.   Past Relevant Work

Plaintiff argues the Appeals Council erred in finding that she had the RFC to perform past relevant work because her job as a tomato inspector was an "unsuccessful work attempt" and not evidence that she could engage in substantial gainful activity. Pl.'s Mot. at 14.

The ALJ found that plaintiff had no past relevant work, but concluded that plaintiff was disabled because there were jobs that existed in significant numbers in the national economy that plaintiff could perform. AR 40-41. Plaintiff requested that the Appeals Council review the ALJ's decision. *Id*. at 28. On November 16, 2010, the Appeals Council issued a Notice of Appeals Council Action, which stated that the Appeals Council intended to find that plaintiff's

5

1  prior work as a tomato inspector constituted past relevant work and that plaintiff had the ability
2  to perform such work. AR 87. On December 20, 2010, plaintiff's counsel submitted a letter in
3  response to the Appeals Council's notice. *Id*. at 253-54. In the letter, plaintiff's attorney argued
4  that plaintiff's prior work as a tomato inspector constituted an unsuccessful work attempt and
5  therefore could not be considered past relevant work. *Id*. Specifically, plaintiff's attorney
6  argued that the position was an unsuccessful work attempt because the job lasted for less than 3
7  months and plaintiff was laid off because of her impairments. *Id*. at 253. In support of this
8  argument, plaintiff submitted a letter to the Appeals Council which stated:

> When I was working as a tomato inspector 3 years ago, I could not finish out my season because of my health problems.
>
> I began having very severe migraines about halfway through the job. I did not tell my supervisors, because I was afraid they would fire me. They did notice that I was having trouble focusing and remembering things, and I started getting bad progress reports. One supervisor told me that if I could not focus on my work one more time she would write me up. I was starting to get so fatigued because of my Depression and I was late a lot.
>
> Finally, I went to work one day, I came in late again and right after I got there I had to go home because I was so exhausted. Then they gave me a notice that I was laid off.

AR 255.[2]

The Appeals Council ultimately concluded that plaintiff's job as a tomato inspector was past relevant work and that she was capable of performing such work. *Id*. at 5. The Appeals Council wrote:

> The evidence of record shows the claimant performed work as a tomato inspector from June 28, 2007 through September 21, 2007. She stated that she performed this work 6 days per week 8 hours per day and earned $9.27 per hour. Additionally, she stated that she walked 6.5 hours and stood for 1 hour in an 8-hour workday. The regulations state that work experience applies (is relevant) when it was done within the last 15 years, lasted long enough for the person to learn to do it and was substantial gainful activity (404.1565(a) and 416.965(a)). The duties and requirements of this job as the claimant describes them are consistent with light work. Further, the job is consistent with the manner in which it is generally performed (Dictionary of Occupational Titles 529.687-

---

[2] Plaintiff's letter was submitted to the Appeals Council after the ALJ had issued his April 16, 2010 decision.

6

186).  In view of the forgoing, the Appeals Council finds that the claimant had the residual functional capacity to perform past relevant work as a tomato inspector.

AR 5.

Plaintiff does not dispute that she worked as a tomato inspector within the 15 year period or that she held the position long enough to learn how to perform the job.  Rather, plaintiff contends her prior work as a tomato inspector did not constitute substantial gainful activity, but was merely an unsuccessful work attempt.  "[S]ubstantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time."  *Gatliff v. Commissioner of Social Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999).  "The [unsuccessful work attempt] concept was designed as an equitable means of disregarding relatively brief work attempts that do not demonstrate substantial gainful activity."  Social Security Ruling ("S.S.R.") 84-25.[3]  The regulations state that "[w]e will consider work of 3 months or less to be an unsuccessful work attempt if you stopped working, or you reduced your work and earnings below the substantial gainful activity earnings level, because of your impairment . . . ."  20 C.F.R. § 404. 1574 (c)(3).

Plaintiff's prior work as a tomato inspector appears to fit the definition of an unsuccessful work attempt.  As noted by the Appeals Council, plaintiff worked as a tomato inspector from June 28, 2007 through September 21, 2007, less than 3 months.  AR 5.  This hardly demonstrates "the ability to hold the job for a significant period of time."  *Gatliff*, 172 F.3d at 694.  Furthermore, the letter plaintiff submitted to the Appeal's Council supports the finding that plaintiff was terminated from this job because of her impairments.  *Id*. at 255.  Plaintiff states in her letter that she was having problems with headaches and that her depression caused her to feel

---

[3] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3 (1984); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir.2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations.").

7

1  fatigued. *Id*. Plaintiff further states that her exhaustion caused her to leave work early one day
2  and that she was subsequently given notice that she had been terminated. *Id*.

3  Defendant argues that plaintiff has failed to satisfy her burden of showing that her work
4  as a tomato inspector was an unsuccessful work attempt. Relying on Social Security Ruling 05-
5  02, defendant contends that plaintiff was required to submit evidence from her past employer or
6  a physician corroborating her claim that she was terminated because of her impairments. Dckt.
7  No. 20 at 8. According to defendant, without independent confirmation, the Appeals Council
8  was not permitted to find that her prior work was an unsuccessful work attempt. Social Security
9  Ruling 05-02 states:

> When we consider why your work effort ended or was reduced to the non-SGA level, we do not rely solely on information from you. Therefore, if we do not already have impartial supporting evidence, we will seek confirmation from your employer. If the information from your employer is inconclusive or is not available, we may seek confirmation of the reason you discontinued or reduced your work with a physician or other medical source. After being apprised of the circumstances, the physician or other medical source could state whether, in his or her opinion or according to the records, your work discontinuance or reduction was due to your impairment.

15  S.S.R. 05-02.

16  Contrary to defendant's contention, Social Security Ruling 02-05 does not require
17  plaintiff to submit evidence from her employer or a physican corroborating her claim that her
18  impairments resulted in her being terminated from her job. The ruling simply states that if the
19  record does not already contain evidence supporting plaintiff's information, the Social Security
20  Administration, not the plaintiff, may seek confirmation from the employer or a physician.

21  Here, neither the ALJ nor the Appeals Council sought evidence identifying the reason
22  plaintiff was terminated from her position as a tomato inspector. At the hearing, plaintiff's
23  counsel told the ALJ that all of plaintiff's past work was short term and would probably
24  constitute unsuccessful work attempts. AR 47-48, 61. The ALJ decided, without explanation,
25  that plaintiff had no past relevant work and made no further inquiry into the matter. *Id*. at 40.
26  ////

Although the Appeals Council disagreed with the ALJ's findings, it did not consider whether plaintiff's work as a tomato inspector was an unsuccessful work attempt or whether further development of the record was needed to determine if the job constituted past relevant work.

Whether plaintiff's prior job was an unsuccessful work attempt is pertinent to the determination of whether plaintiff could perform past relevant work. Because the Appeals Council gave no consideration to this important issue, the matter must be remanded to determine whether plaintiff's work as a tomato inspector was an unsuccessful work attempt or substantial gainful activity. Should the Appeals Council determine that plaintiff's letter is insufficient to support a finding that she was terminated due to her impairment, the Appeals Council, in accordance with Social Security Ruling 05-02, may seek confirmation of plaintiff's statements from her employer or a physician.

### B.     Plaintiff's Remaining Arguments

Plaintiff further argues that the ALJ committed error by: 1) failing to give proper weight to the opinion of the consultative physician, 2) failing to find plaintiff disabled in accordance with Rule 202.02, and 3) rejecting plaintiff's testimony. Pl.'s Mot. at 18, 20-21. These arguments address whether the ALJ committed error at the fourth and fifth steps of the sequential evaluation. A district court may only review final decisions of the Commissioner. *Klemm v Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). "[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Here, the Appeals Council issued a decision in which it rejected the ALJ's RFC assessment and concluded that plaintiff was not disabled at the fourth step. Thus, the Commissioner's final decision does not include the ALJ's findings and conclusions at the fourth and fifth step of the sequential evaluation. Accordingly, the undersigned does not address the parties' arguments with respect to the ALJ's decision.

////

////

IV. Conclusion

The Appeals Council's decision is not fully supported by substantial evidence in the record nor based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The Clerk is directed to enter judgment in plaintiff's favor; and

4. This action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED: March 22, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE