IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICKI L. THOMPSON,

      Plaintiff,                    No. 2:11-cv-0429 EFB

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                <u>ORDER</u>
_____/

      Plaintiff moves for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks $6,649.88 in fees based on 36.9 hours spent by counsel representing her in the instant action.[1] Dckt. No. 26. Defendant contends that (1) plaintiff's request is excessive and unreasonable and (2) that any EAJA fee award should be made payable to plaintiff and not to plaintiff's counsel. Def.'s Opp'n to Pl.'s Mot. for EAJA Fees, Dckt. No. 28.

////

////

---

[1] Plaintiff initially sought an award of $6,649.88. Plaintiff, however, now seeks compensation for an additional 5 hours at $181.98 per hour for preparing the reply brief to the present motion. *See* Reply, Dckt. No. 29 at 6.

1

I.      Reasonableness of Fees Sought

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434.

Here, defendant contends that plaintiff's request for fees based on 36.9 hours[2] was unreasonable because 1) plaintiff's brief raised routine issues, 2) plaintiff's attorney billed for work performed prior to filing the instant action, and 3) both of plaintiff's attorneys billed duplicative time for preparing the EAJA pleadings.

Defendant first argues that the amount of time one of plaintiff's attorneys spend preparing plaintiff's brief should be reduced from 21.9 hours to 18 hours because plaintiff's brief only raised routine issues and the administrative record only contained 235 pages of medical records. Plaintiff's memorandum in support of her motion for summary judgment was 21 pages long.[3] Although the court agrees with defendant that the issues raised in this case were fairly routine, the court finds that spending approximately one hour a page, even for routine arguments, is not unreasonable. *See Pierce v. Astrue*, No. 5:10-CV-2017 PSG, 2012 WL 1595753 (N.D. Cal. May 4, 2012) (holding that "[s]pending approximately one hour per page covering a case that is not particularly complex or challenging is reasonable.").

////

---

[2] Defendant incorrectly states that plaintiff seeks attorney's fees based on 30.9 hours. Dckt. No. 28 at 1.

[3] Plaintiff contends that the memorandum is 22 pages long. Although the memorandum concludes on page 22, the page on which is begins is numbered page 2.

Furthermore, defendant's argument that the requested hours should be reduced because the record only contains 235 pages of medical records overlooks the fact that the administrative record totals 485 pages. Plaintiff's counsel would not have been effectively representing plaintiff if the sole focus was on the medical portion of the record. Indeed, the 250 pages of non-medical evidence proved to be more important to plaintiff's success in her motion for summary judgement, as the court ultimately did not rely directly on plaintiff's medical records in determining that the Commissioner's decision was not fully supported by substantial evidence.[4] *See* Dckt. No. 24 at 5-9.

Defendant also contends that plaintiff's requested hours should be reduced because plaintiff's counsel impermissibly billed .9 hours for work performed before this civil action was filed. Dckt. No. 28 at 3. Defendant cites to 28 U.S.C. 2412(d); *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991), and *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000), for the proposition that plaintiff is precluded from seeking any fees under EAJA for work completed prior to the commencement of this civil action. Dckt. No. 28 at 3.

The cited authority does not support defendant's position. In *Mendenhall*, the United States Court of Appeals for the Ninth Circuit held that 18 U.S.C. 2412(d) did not permit an award for attorney's fees for work conducted during pre-litigation administration proceedings. 213 F.3d at 467-69. The court, however, did not hold that EAJA precluded an award for attorney's fees for work performed in preparation for filing a civil action. In *Melkonyan*, the United States Supreme Court observed that while EAJA generally does not provide for an award of attorney's fees for work performed in administrative proceedings, EAJA fees for work done at the administrative level may be collected where "the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative

---

[4] In this case, the prevailing argument was that the Appeals Council erred in failing to consider whether plaintiff's prior work as a tomato inspector constituted an "unsuccessful work attempt." Dckt. No. 24 at 5-9.

3

proceedings." 501 U.S. at 97.  The cases relied upon by defendant hold that EAJA generally does not permit an award for attorney's fees for work conducted in a prior administrative proceeding.

The .9 hours contested by defendant, however, was not for work performed during an administrative proceeding.  Rather, the time was spend reviewing the case to advise plaintiff on the possibility of pursuing an action in federal court for judicial review of the Commissioner's decision.  Pl.'s Mot. for EAJA Fees, Ex. 2, Dckt. No. 26-2.  Accordingly, the cases relied upon by defendant do nor preclude plaintiff from seeking compensation for the .9 hours of work performed prior to filing this civil action.

Furthermore, defendant's argument overlooks the fact that some work must be performed prior to the commencement of a civil action.  As defendant is aware, a civil action is commenced by the filing of a complaint.  *See* Fed. R. Civ. P. 3.  To file a proper complaint, an attorney must investigate relevant facts and law and, of course, spend time drafting a complaint.  Plaintiff's counsel's review of the file to determine the appropriateness of challenging the Commissioner's decision in this court was separate from the administrative proceeding and clearly completed in relation to this civil action.  The court therefore rejects defendant's argument that plaintiff is not entitled to compensation for the .9 hours spent preparing to file the instant action.  *See Garcia v. Astrue*, No. 1:10-cv-00542, 2012 WL 1205692, *6-7 (E.D. Cal. April 11, 2012) (rejecting argument that plaintiff was not entitled to attorneys' fees under EAJA for time spent "reviewing the ALJ's decision and determining the merits of a federal court appeal . . . .").

Lastly, defendant argues that the requested hours are unreasonable because plaintiff's attorneys billed duplicative time.  Dckt. No. 28 at 3.  Specifically, defendant points out that Ms. Bohr billed 2 hours for preparing the EAJA petition and time sheets, while Ms. Cerney spent .6 hours reviewing these documents.  Defendant further notes that Ms. Bohr billed 20 hours for briefing in this case, and Ms. Cerney billed 1.3 hours to review the briefs.

////

4

As for the time spent preparing the EAJA petition, plaintiff explains that Ms. Bohr spent 2 hours preparing the EAJA petition and the supporting memorandum. Dckt. No. 29 at 5. Plaintiff further explains that, Ms. Cerney did not spend .6 hours reviewing the petition prepared by Ms. Bohr; rather, she spent .5 hours preparing her time sheet and .1 hour reviewing her declaration. *Id. see* Dckt. Nos. 26-2, 26-3. As these tasks are separate from those performed by Ms. Bohr, the court find that the time spent by both attorneys in preparing the EAJA petition was not duplicative.

The court also disagrees with defendant's position that the 1.3 hours Ms. Cerney spent reviewing the briefs prepared by Ms. Bohr is duplicative. Here, the submitted declarations of Ms. Cerney and Ms. Bohr reflect that Ms. Bohr was responsible for drafting the pleadings filed in this action. Dckt. Nos. 26-2, 26-3. Ms. Cerney, as the only attorney of record, simply billed for time spent reviewing the pleadings drafted by Ms. Bohr prior to filing them with the court. Dckt. No. 26-2. The court agrees with plaintiff that it would have been imprudent for Ms. Cerney to simply sign and file the pleadings prepared by Ms. Bohr, an out of state attorney, without conducting any review.[1] Given the length of the pleadings drafted by Ms. Bohr, the court finds that the 1.3 hours Ms. Cerney billed for reviewing these pleadings was reasonable.

The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated. Counsel therefore will be paid for the claimed hours of attorney time spent in the prosecution of this action. Additionally, the court finds that plaintiff's counsel is entitled to compensation for the 5 additional hours spent preparing the reply to this motion.

III.   Payment to Plaintiff or Plaintiff's Counsel

Defendant further contends that any award under EAJA must be made payable to plaintiff, not to plaintiff's counsel.

////

---

[1] Such conduct would likely result in a violation of Rule 11 of the Federal Rule of Civil Procedure and possibly a breach of Ms. Cerney's obligation to her client.

In *Astrue v. Ratliff*, 130 S. Ct. 2521, 2522 (2010), the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the plaintiff's counsel was successful in plaintiff's Social Security benefits suit against the United States. *Id*. Thereafter, the district court granted plaintiff's unopposed motion for fees under the EAJA. *Id*. However, before paying the fee award, the government discovered that plaintiff owed the United States a debt that predated the award, and accordingly, the government sought an offset of that owed amount. *Id*. Plaintiff's counsel intervened and argued that the fees award belonged to plaintiff's counsel, and thus was not subject to offset for the litigant's federal debts. *Id*. The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, and not the attorney. *Id*. at 2527-29.

In light of *Ratliff*, plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. However, plaintiff has assigned the right to receive the fees to her attorney, Dckt. No. 26-1, and defendant contends that if plaintiff does not owe a government debt, "then the Government will accept Plaintiff's assignment of EAJA fees and make the check payable to Counsel." Dckt. No. 28 at 5. Defendant's proposal is reasonable. Defendant may make payment to plaintiff's counsel provided plaintiff has no government debt that requires offset. *See Calderon v. Astrue*, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *see also Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel.").

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees, Dckt. No. 26, is granted;

////

2. Plaintiff is awarded attorneys' fees under the EAJA in the amount of $7559.78; and

3. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2010 WL 2346547 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: November 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE